1  WRIGHT, FINLAY & ZAK, LLP
2  T. Robert Finlay, Esq., SBN 167280
   David L. Chaffin, Esq., SBN 258459
3  4665 MacArthur Court, Suite 280
4  Newport Beach, CA  92660 (*Ortega, Jose/ Pleadings/Notice of Removal*)
   (949) 477-5050; Fax: (949) 477-9200
5

6  Attorneys for Defendants,
7  SAXON MORTGAGE SERVICES, INC. (erroneously named as "Saxon Mortgage")
   and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ('erroneously named
8  as "MERS")

9              UNITED STATES DISTRICT COURT

10        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12 JOSE R ORTEGA,                    ) Case No.:
                                     )
13              Plaintiff,           ) '09 CV 2487 BEN      BLM
                                     )
14      vs.                          ) **NOTICE OF REMOVAL OF**
                                     ) **ACTION PURSUANT TO 28 U.S.C.**
15 NEW CENTURY MORTGAGE CORP,        ) **§1441(b)--(Federal Question)**
16 MERS, SAXON MORTGAGE,             )
   QUALITY LOAN SERVICE CORP,        )
17 SD REALTY INC AND ALL             )
   SUCCESSORS IN INTEREST; and       )
18 Does 1-20,                        )
19                                   )
                                     )
20              Defendants.          )
                                     )
21 _____    )

22

23     **TO THE CLERK OF THE UNITED STATES DISTRICT COURT**

24 **FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

25     **PLEASE TAKE NOTICE** that Defendants SAXON MORTGAGE

26 SERVICES INC. ("Saxon") and MORTGAGE ELECTRONIC REGISTRATION

27 SYSTEMS ("MERS") hereby removes to this Court the state court action described

28 below:

                            -1-

FILED
2009 NOV -5  PH 3:5
CLERK US DISTRICT COU
SOUTHERN DISTRICT OF CALIFO.
BY

1.     On September 23, 2009, Plaintiff, JOSE R ORTEGA ("Plaintiff") filed a Complaint against Defendants New Century Mortgage Corp. ("New Century"), MERS, Saxon, Quality Loan Service Corp. ("Quality"), SD Realty Inc. ("SD Realty") and Does 1 - 20 in the Superior Court of the State of California, for the County of San Diego, entitled *Ortega v. New Century Mortgage Corp., et al.,* Case No. 37-2009-00098974-CU-WE-CTL. ("State Court Action"). The Complaint asserts a claim within the jurisdiction of the Federal Court as set forth in 28 U.S.C. § 1331.  A true and correct copy of the Complaint is attached hereto as Exhibit "1."

## FEDERAL QUESTION

2.     The Action may be removed to this Court in accordance with 28 U.S.C. § 1441(b) since this Court has original jurisdiction, pursuant to 12 U.S.C. § 1331, over the federal questions presented in Plaintiff's Complaint. Specifically, Plaintiff's Complaint asserts a claim for violations of the following codified laws of the United States:

   a.     The Truth-In-Lending-Act ("TILA") (15 U.S.C. §§ 1601-1666j);[1]

   b.     The Home Ownership and Equity Protection Act ("HOEPA") (15 U.S.C. § 1639);[2] and

   c.     Federal Reserve, Regulation Z (12 C.F.R. 226.31 and 12 C.F.R. 226.32).[3]

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Complaint generally.
[2] *Id.*
[3] *Id.*

-2-

3. The Complaint's remaining claims assert the following California state law causes of action:

    a. Declaratory Relief;[4]

    b. Wrongful Foreclosure;[5]

    c. Reversal and Cancellation of Foreclosure;[6]

    d. Cancellation of Instruments;[7]

    e. Temporary Restraining Order, Preliminary and Permanent Injunction;[8]

Each of the aforementioned state law claims is transactionally related to, and arises out of, the same common nucleus of operative fact as, the federal claims stated above and thus, each state law claim is subject to the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a), as being part of the same case or controversy.

4. Defendant *received* a copy of Plaintiff's Complaint on October 6, 2009, and bring this Notice of Removal within thirty (30) days therefrom, as required by 28 U.S.C. § 1446(b).

5. Co-Defendant Quality consents to removal within thirty (30) days of receipt through the Joinder in Notice of Removal filed concurrently herewith.

6. Co-Defendant New Century has filed a petition for Chapter 11 Bankruptcy in the United State Bankruptcy Court for the District of Delaware as case number 07-10419-KJC on April 2, 2007. As a result, prosecution of this action against New Century is stayed. A true and correct copy of the Bankruptcy Court docket is attached hereto as Exhibit "2."

/ / /

---

[4] Complaint ¶¶ 30-40.
[5] Complaint ¶¶ 41-44.
[6] Complaint ¶¶ 45-50.
[7] Complaint ¶¶ 51-58.
[8] Complaint ¶¶ 59-66.

-3-

7.     Defendant is unaware if Co-Defendant SD Realty has received or been served with the summons and Complaint in this Action, although reasonable diligence has been performed to ascertain such information, as well as to reach an authorized individual for SD Realty. Also, SD Realty has not appeared in this Action or responded to the Complaint. A true and correct copy of the Online Docket in the State Court Action is attached hereto as Exhibit "3."

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: November 5, 2009          By: _____

T. Robert Finlay, Esq.
David L. Chaffin, Esq.
Attorneys for Defendants,
SAXON MORTGAGE SERVICES, INC.
(erroneously named as "Saxon Mortgage")
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS ('erroneously
named as "MERS")

-4-

EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

New Century Mortgage Corp, MERS, Saxon Mortgage, Quality Loan Service Corp, SD Realty Inc and all successors in Interest, and does 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jose R Ortega

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court Of California,

Hall of Justice, 330 W. Broadway, San Diego, CA 92101-3827

CASE NUMBER:
*(Número del Caso):*
37-2009-00098974-CU-WE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jose R Ortega 1042 Red Granite RD Chula Vista, CA 91913 619) 947-6618

| DATE: | SEP 2 2 2009 | Clerk, by | B. FOLLIS | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☑ as the person sued under the fictitious name of *(specify):*
   New Century Mortgage Corporation
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 10/6/09

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Jose R Ortega
C/o 1042 Red Granite Rd
San Diego, CA 91813

**Plaintiff in Pro Per**

CIVIL

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| JOSE R ORTEGA, | Case No.  37-2009-00098974-CU-WE-CTL |
| Plaintiff, | |
| vs. | <u>VERIFIED COMPLAINT FOR:</u> |
| NEW CENTURY MORTGAGE CORP, | 1)Declaratory Relief; |
| MERS, SAXON MORTGAGE, QUALITY | 2)Wrongful Foreclosure; |
| LOAN SERVICE CORP, SD REALTY INC | 3)Reversal & Cancellation Of Illegal Foreclosure Barred By Operation Of Federal And State Law; |
| AND ALL SUCCESSORS IN INTEREST; | 4)Cancellation Of Instruments; |
| and DOES 1-20 | 5)Temporary Restraining Order, Preliminary |
| Defendants. | & Permanent Injunction. |
| | **LIMITED CIVIL CASE** |

**PLAINTIFF ALLEGES AS FOLLOWS:**

I.

**CASE OVERVIEW**

1) **THIS CASE SEEKS:**

A. **Reversal and cancellation of the wrongful and illegal Foreclosure**

VERIFIED COMPLAINT - 1

Jose R Ortega, Vs New century Mortgage Corp, San Diego Superior Court

**Commenced against Plaintiff's Home, which Foreclosure was at all times Prohibited and barred by operation of both Federal and State law pursuant to:**

1. The State Nonjudicial Foreclosure Statutes; and

2. The Federal Truth in Lending Act ("TILA");

3. The Federal Home Ownership & Equity Protection Act ("HOEPA); and

4. U.S. Treasury Regulation Z which enforces TILA and HOEPA ("Reg Z");

After a **TILA Loan Rescission Notice**, rescinding the Loan, Note & Trust Deed had been timely served in compliance with TILA and Reg Z. The Foreclosure was illegal and wrongful and barred and prohibited under TILA and Reg Z, because the **TILA Rescission Notice AUTOMATICALLY RENDERED THE LOAN, NOTE & TRUST DEED VOID BY OPERATION OF FEDERAL LAW**, pursuant to the specific and mandatory provisions of TILA and Reg Z and there was no Loan, Note & Trust Deed legally in existence which could be foreclosed upon.

**B) Declaratory Relief in the form of a Declaration from the Court that:**

A) The TILA Rescission Notice was timely served within three (3) years of the Date of origination of the Loan, Note & Trust Deed.

B) The TILA Rescission Notice automatically rendered the Loan, Note & Trust Deed Void ab initio by operation of Federal law under TILA and Reg Z.

C) As a result of the TILA Rescission Notice, there was no Loan, Note & Trust Deed legally in existence which could be foreclosed upon and there could be no legal or valid foreclosure conducted under the State Non-judicial Foreclosure Statutes.

D) As a result of the preceding, the Foreclosure was and is wrongful and was barred by and conducted in violation of Federal law under TILA, HOEPA & Reg Z, and

---

VERIFIED COMPLAINT - 2

Jose R Ortega, Vs New century Mortgage Corp, San Diego Superior Court

in violation of the State Non-judicial Foreclosure Statutes and is therefore void, halted, cancelled and set aside.

E) As a result of the preceding, any purported Foreclosure Sale conducted or to be conducted in connection with, or to be conducted in connection with, the wrongful and illegal Foreclosure, is equally void by operation of law and is cancelled, reversed and set aside.

F) As a result of the preceding, any Trustee's Deed which may be issued pursuant to such illegal and void Foreclosure and Foreclosure Sale is equally void by operation of law and is reversed, set aside and canceled.

G) As a result of the preceding, the Trust Deed of record was previously voided by the TILA Rescission Notice and is therefore canceled and stricken from the records of the County Recorder of San Diego County.

H) As a result of the preceding, Defendants and their predecessors in interest and their successors in interest, may not and cannot acquire or perfect legal title to the Home and therefore have no legal standing to file, maintain, continue or obtain judgment in any unlawful detainer case for possession of the Home, and any unlawful detainer case which may be brought by, for or on behalf of Defendants and their predecessors in interest and their successors in interest, is null and void by operation of law; any and all orders and judgments which may be issued therein are null and void by operation of law and are recalled, set aside and vacated; and any judgment and writ of possession obtained therein are null and void and are recalled, set aside and vacated; and any such unlawful detainer case is set aside, vacated and dismissed with prejudice, all ab initio.

---

VERIFIED COMPLAINT - 3

Jose R Ortega, Vs New century Mortgage Corp, San Diego Superior Court

**C) Cancellation of Instruments:**

5. Cancellation of any Trustee's Deed which may result from such illegal Foreclosure and Foreclosure Sale which were barred by operation of Federal law under TILA, HOEPA & Reg Z following the TILA Rescission Notice, and which were barred by operation of the State Non-judicial Foreclosure Statutes.

6. Cancellation of the Trust Deed of record, WHICH TRUST DEED WAS PREVIOUSLY AUTOMATICALLY RENDERED VOID BY OPERATION OF FEDERAL LAW THROUGH THE TILA RESCISSION NOTICE SERVED IN COMPLIANCE WITH TILA AND REG Z.

**D) Issuance of a Temporary Restraining Order and Preliminary & Permanent Injunction:**

7) Restraining and enjoining Defendants, any predecessor in interest to Defendants and any successor in interest to Defendants, and any person acting for their benefit or at their direction or instruction:

8. From asserting or continuing to assert any interest in and to the Home or the Loan, Note & Trust Deed; and

9. From continuing, maintaining or concluding any Foreclosure, including but not limited to, holding and concluding any Foreclosure Sale and issuing any Trustee's Deed pursuant to any Foreclosure Sale; and

10. From attempting to file, maintain, or continue, and from filing, maintaining, or

continuing and unlawful detainer action for possession of the Home, and from

attempting to obtain and/or obtaining any orders and/or judgment, in any unlawful

detainer action for possession of the Home; and

   B) Restraining and enjoining Defendants, any predecessor in interest to

Defendants and any successor in interest to Defendants, and any person acting for their

benefit or at their direction or instruction, including but not limited to, any law

enforcement agency or sheriff's department, from enforcement of any orders or

judgment obtained in any such unlawful detainer action; and

   C) Restraining and enjoining Defendants, any predecessor in interest to

Defendants and any successor in interest to Defendants, and any person acting for their

benefit or at their direction or instruction, from reporting, maintaining, or continuing any

adverse or negative report or information with respect to the Loan, Note & Trust Deed to

any credit reporting organization, including but not limited to, Experian, Equifax, and

Trans Union; and

   D) Restraining and enjoining Defendants, any predecessor in interest to

Defendants and any successor in interest to Defendants, and any person acting for their

benefit or at their direction or instruction, including but not limited to, Experian, EquiFax,

and Trans Union, from continuing, maintaining or reporting any adverse or negative

report or information with respect to the Loan, Note & Trust Deed.

II.

**DEFINITIONS**

   11) As used in this Complaint, the following definitions shall apply (the

"Definitions"):

VERIFIED COMPLAINT - 5

Jose R Ortega, Vs New century Mortgage Corp, San Diego Superior Court

A) The term **"Non-judicial Foreclosure Statutes"** means the statutes of this State governing non-judicial foreclosures of real property secured loans.

B) The term **"TILA"** means the Truth in Lending Act, 15 U.S.C. §§ 1601-1666j, as amended. TILA, which took effect on July 1, 1969, is intended to promote the informed use of consumer credit by requiring creditors to disclose credit terms and costs, requiring additional disclosures for loans secured by consumers' homes, and permitting consumers to rescind certain transactions that involve their principal dwellings.

C) The term **"HOEPA"** means the Home Ownership and Equity Protection Act of 1994 which, inter alia, amended TILA by adding Section 129 of TILA, 15 U.S.C. § 1639, and is implemented by, inter alia, Sections 226.31 and 226.32 of Regulation Z, 12 C.F.R. §§ 226.31 and 226.32. HOEPA, which took effect on October 1, 1995, provides special protections for consumers who obtain high-rate or high-fee loans secured by their principal dwellings by requiring creditors to provide certain material information at least three days before the loan is consummated, prohibiting the use of certain loan terms, and barring specified practices.

D) The term **"HOEPA mortgage loan"** means a consumer credit transaction consummated on or after October 1, 1995, that is secured by the consumer's principal dwelling, in which: (1) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity to the loan maturity as of the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or (2) the total points and fees payable by the consumer at or

VERIFIED COMPLAINT - 6

Jose R Ortega, Vs New century Mortgage Corp, San Diego Superior Court

before loan closing will exceed the greater of 8% of the total loan amount or $400

(adjusted annually by the Board of Governors of the Federal Reserve System ("FRB")

on January 1 by the annual percentage change in the Consumer Price Index that was

reported on June 1 of the preceding year), which is covered by HOEPA, pursuant to

Section 129 of TILA, 15 U.S.C. § 1639, and Section 226.32 of Regulation Z, 12 C.F.R. §

226.32. As used herein, the "total loan amount" is calculated as described in Section

226.32(a)(1)(ii)-1 of the FRB Official Staff Commentary on Regulation Z, 12 C.F.R. §

226.32 (a)(1)(ii)-1, Supp. 1.

E) The term **"Regulation Z"** means the regulation the FRB promulgated to

implement TILA and HOEPA, 12 C.F.R. 226, as amended. The term also includes the

FRB Official Staff Commentary on Regulation Z, 12 C.F.R. 226, Supp. 1, as amended.

F) The term **"Home"** means the primary residence located at 1220 Peterlynn St,

San Diego, CA; APN: 631-190-14-00.

G) The term **"TILA Rescission Notice"** means the written notice of rescission of

the Loan, Note & Trust Deed, which rescission was made pursuant to and in

compliance with the mandatory provisions of TILA, HOEPA & Reg Z.

H) The terms **"Loan", "Note" & "Trust Deed"** refer to that certain consumer

loan number 2000266764or 1010216250 originated in connection with a refinancing of

the Home as a residence, which Loan, Note & Trust Deed closed on December 12,

2005 with such Trust Deed being recorded in the Records of the County Recorder of

San Diego County, on December 28, 2005 as Instrument Number Book 2005-1112133

Page 32862, specifying:

Trustor: (Jose R Ortega)

Original Trustee: LANDAMERICA COMMONWEALTH

Original Beneficiary: MORTGAGE ELECTRONIC REGISTRATIONSYSTEM, INC

Lender: NEW CENTURY MORTGAGE CORP

 I) the term **"Lender"** means the original lender for the Loan, Note & Trust Deed.

 J) The term **"Original Beneficiary"** means the original Beneficiary stated in the Trust Deed.

 K) The term **"Original Trustee"** means the original Trustee stated in the Trust Deed.

 L) The term **"Successor Trustee"** means the Trustee substituted for the Original Trustee prior to or during the Foreclosure process.

 M) The term **"Holder"** means the holder of the Loan, Note & Trust Deed at any time as successor in interest to the Lender or Original Beneficiary.

 N) The term **"Foreclosure"** means the non-judicial foreclosure commenced in Connection with the Loan, Note & Trust Deed on the Home.

 O) The term **"NOD"** means the Notice of Default recorded or to be recorded against the Home in connection with the Foreclosure of the Loan, Note & Trust Deed, in the Records of the County Recorder for San Diego County.

 P) The term **"NOS"** means any Notice of Trustee's Sale recorded or to be recorded against the Home in connection with the Foreclosure of the Loan, Note & Trust Deed, in the Records of the County Recorder for San Diego County.

Q) The term **"Foreclosure Sale"** means any foreclosure sale of the Home conducted or to be conducted as part of the Foreclosure of the Loan, Note & Trust Deed.

R) The term **"Trustee's Deed"** means any Trustee's Deed issued or to be issued at the Foreclosure Sale purporting to transfer title to the Home to the Buyer at the Foreclosure Sale.

////

### III.

### PARTIES & JURISDICTION

12) Plaintiff Jose R Ortega is the lawful owner of the Home which is Located within the jurisdiction of this Court.

13) Defendant NEW CENTURY MORTGAGE CORP is now, and at all Relevant times mentioned herein have been a corporation with a place of business in San Diego, CA and the Holder of the Loan, Note & Trust Deed set forth herein.

14) Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-20, inclusive, and is informed and believes, and thereupon alleges that, the Doe Defendants were participants in the actions and conduct set forth herein below and were responsible for the injuries and damages to Plaintiff set forth herein, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

15) Plaintiff is informed and believes, and thereupon alleges that:

VERIFIED COMPLAINT - 9

Jose R Ortega, Vs New century Mortgage Corp, San Diego Superior Court

A) Each of the Defendants named in this complaint was an agent, employee, coventurer,

Partner, and/or officer of every other named Defendant, and were acting within the course and scope of such agency and/or employment in taking the actions as hereinafter alleged, with the knowledge and consent of their principal(s) and/or employer(s).

B) Each of the Defendants named in this complaint aided and abetted one or more, and/or each of the other Defendants in undertaking the actions and conduct set forth herein below, and that such aiding and abetting was responsible for the injuries and damages suffered by Plaintiff

As set forth herein below.

/ / / / /

## IV.

## A TILA LOAN RESCISSION NOTICE WAS SENT TO THE HOLDER

## PURSUANT TO THE PROVISIONS OF TILA, HOEPA & REG Z

## WHICH AUTOMATICALLY

## RENDERED THE LOAN, NOTE & TRUST DEED VOID BY OPERATION OF

## FEDERAL LAW

## AND NO FURTHER PAYMENT OBLIGATIONS WERE DUE THEREUNDER

VERIFIED COMPLAINT - 10

Jose R Ortega, Vs New century Mortgage Corp, San Diego Superior Court

16)     The Home was refinanced pursuant to a consumer loan evidenced by the Loan, Note & Trust Deed, which were at all times subject to the provisions of TILA, HOEPA & Reg Z.

17)     Rescission of the Loan, Note & Trust Deed under TILA, HOEPA & Reg Z is provided by Section 1635 of TILA (15 U.S.C. § 1635), otherwise known as Title 15 of the United States Code, Commerce And Trade, Chapter 41, Consumer Credit Protection, Subchapter 1, Consumer Credit Cost Disclosure, Part B, Credit Transactions, which states in pertinent part:

"**Sec. 1635. Right of rescission as to certain transactions**

(a) Disclosure of obligor's right to rescind
Except as otherwise provided in this section, in the case of any consumer credit Transaction (including opening or increasing the credit limit for an open end credit
plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

(a) **Return of money or property following rescission**

When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, **and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission**. Within 20 days after receipt of a notice of rescission, the creditor **shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the**

VERIFIED COMPLAINT - 11

Jose R Ortega, Vs New century Mortgage Corp, San Diego Superior Court

**termination of any security interest created under the transaction.** If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this Section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property

Or at the residence of the obligor, at the option of the obligor. **If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it.**
*********************************************************************************

(b) **Time limit for exercise of right**

An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later.
*********************************************************************************

(c) **Rescission rights in Foreclosure**

(1) In general

Notwithstanding section 1649 of this title, and subject to the time period provided in subsection (f) of this section, in addition to any other right of rescission available under this section for a transaction, after the initiation of any judicial or non-judicial Foreclosure process on the primary dwelling of an obligor securing an extension of credit, the obligor shall have a right to rescind the transaction equivalent to other rescission rights provided by this section, if--

(A) a mortgage broker fee is not included in the finance charge in accordance with the laws and regulations in effect at the time the consumer credit transaction was consummated; or
(B) The form of notice of rescission for the transaction is not the appropriate form of written notice published and adopted by the Board or a comparable written

notice, and otherwise complied with all the requirements of this section regarding notice.

(d) **Tolerance for disclosures**

Notwithstanding section 1605(f) of this title, and subject to the time period provided in subsection (f) of this section, for the purposes of exercising any

rescission rights after the initiation of any judicial or non-judicial Foreclosure process on the principal dwelling of the obligor securing an extension of credit, the disclosure of the finance charge and other disclosures affected by any finance charge shall be treated as being accurate for purposes of this section if the amount disclosed as the finance charge does not vary from the actual finance charge by more than $35 or is greater than the amount required to be disclosed under this subchapter.

(e) **Right of recoupment under State law**

Nothing in this subsection affects a consumer's right of rescission in recoupment Under State law.

(f) **Applicability**

This subsection shall apply to all consumer credit transactions in existence or Consummated on or after September 30, 1995.

g) **Rescission of the Loan, Note & Trust Deed under TILA, HOEPA & Reg Z is governed by Section 226.15 of TILA (Reg Z) which states in pertinent part:**

"**§ 226.15 Right of rescission.**

(a) *Consumer's Right to Rescind.*

(1)(i) Except as provided in paragraph (a) (1) (ii) of this section, in a credit plan in Which a security interest is or will be retained or acquired in a consumer's Principal dwelling, each consumer whose ownership interest is or will be subject To the security interest **shall have the right to rescind: each credit extension Made under the plan; the plan when the plan is opened; a security interest When added or increased to secure an existing plan; and the increase When a credit limit on the plan is increased**.

(ii) As provided in § 125(e) of the act, the consumer does not have the right to rescind each credit extension made under the plan if such extension is made in Accordance with a previously established credit limit for the plan.

---

**(2) To exercise the right to rescind, the consumer shall notify the creditor Of the rescission by mail**, telegram, or other means of written communication. **Notice is considered given when mailed,** or when filed for telegraphic Transmission, or, if sent by other means, when delivered to the creditor's Designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following the occurrence described in paragraph (a) (1) of this Section that gave rise to the right of rescission, delivery of the notice required by Paragraph (b) of this section, or delivery of all material disclosures, whichever Occurs last. **If the required notice and material disclosures are not delivered, The right to rescind shall expire three years after the occurrence giving rise To the right of rescission**, or upon transfer of all of the consumer's interest in The property, or upon sale of the property, whichever occurs first. In the case of Certain administrative proceedings, the rescission period shall be extended in Accordance with § 125(f) of the act.

(4) When more than one consumer has the right to rescind, the exercise of the Right by one consumer shall be effective as to all consumers.

*****************************************************************************

(h) *Effects of Rescission.*

(1) When a consumer rescinds a transaction, the security Interest giving rise to the right of rescission becomes void, And the consumer shall not be liable for any amount, Including any finance charge.

(2) Within 20 calendar days after receipt of a notice of rescission, the Creditor shall return any money or property that has been given to anyone In connection with the transaction and shall take any action necessary to Reflect the termination of the security interest.

(3) **If the creditor has delivered any money** or property, the consumer may Retain possession until the creditor has met its obligation under paragraph (d) (2) Of this section. **When the creditor has complied with that paragraph, the Consumer shall tender the money** or property **to the creditor** or, where the Latter would be impracticable or inequitable, tender its reasonable value. At the Consumer's option, tender of property may be made at the location of the Property or at the consumer's residence. **If the creditor does not take Possession of the money or property within 20 calendar days after the Consumer's tender, the consumer may keep it without further obligation.**"

[Bold & Underline Added For Emphasis]

---

3)    In full compliance with the requirements for Rescission under TILA and Reg Z, and within the three year period following the origination date of the Loan, as required by TILA and Reg Z, **the Trustor under the Loan, Note & Trust Deed served a Notice of Loan Rescission which stated in pertinent part:**

**"This letter is to notify you that I hereby rescind and cancel the above Specified Loan, Note & Trust Deed undertaken in connection with the above Specified Property.**

**This notice of rescission (the "TILA Rescission Notice") is given for violations of and non-compliance with the provisions of:**

> A) The Truth in Lending Act, 15 U.S.C. §§ 1601-1666j ("TILA"), and
> B) The Home Ownership and Equity Protection Act of 1994 ("HOEPA") Which, inter alia, amended TILA by adding Section 129 of TILA, 15 U.S.C. § 1639, and
> C) U. S. Treasury Regulation Z, 12 C.F.R. §§ 226.31 of HOEPA, and Treasury Regulation Z which implements and enforces the above laws.

**Section 226.15 of TILA (Reg Z) states in pertinent part:**

**"§ 226.15 Right of rescission.**

(a) *Consumer's Right to Rescind.*

(1)(I) except as provided in paragraph (a) (1) (ii) of this section, in a credit plan in Which a security interest is or will be retained or acquired in a consumer's Principal dwelling, each consumer whose ownership interest is or will be subject To the security interest **shall have the right to rescind: each credit extension Made under the plan; the plan when the plan is opened; a security interest When added or increased to secure an existing plan; and the increase When a credit limit on the plan is increased.**

(ii) As provided in § 125(e) of the act, the consumer does not have the right to Rescind each credit extension made under the plan if such extension is made in Accordance with a previously established credit limit for the plan.
(2) **To exercise the right to rescind, the consumer shall notify the creditor Of the rescission by mail**, telegram, or other means of written communication. **Notice is considered given when mailed**, or when filed for telegraphic Transmission, or, if sent by other means, when delivered to the creditor's Designated place of business.
(3) The consumer may exercise the right to rescind until midnight of the third Business day following the occurrence described in paragraph (a) (1) of this Section that gave rise to the right of rescission, delivery of the notice required by Paragraph (b) of this section, or delivery of all material disclosures, whichever

Occurs last. **If the required notice and material disclosures are not delivered,
The right to rescind shall expire three years after the occurrence giving rise
To the right of rescission,** or upon transfer of all of the consumer's interest in
The property, or upon sale of the property, whichever occurs first. In the case of
Certain administrative proceedings, the rescission period shall be extended in
Accordance with § 125(f) of the act.
(4) When more than one consumer has the right to rescind, the exercise of the
Right by one consumer shall be effective as to all consumers.

********************************************************************************

(b) *Effects of Rescission*.

    **(1) When a consumer rescinds a transaction, the security
Interest giving rise to the right of rescission becomes void,
And the consumer shall not be liable for any amount,
Including any finance charge**.

    (2) **Within 20 calendar days after receipt of a notice of rescission, the
Creditor shall return any money or property that has been given to anyone
In connection with the transaction and shall take any action necessary to
Reflect the termination of the security interest**.

    (3) **If the creditor has delivered any money** or property, the consumer may
Retain possession until the creditor has met its obligation under paragraph (d) (2)
Of this section. **When the creditor has complied with that paragraph,** the
**Consumer shall tender the money** or property **to the creditor** or, where the
Latter would be impracticable or inequitable, tender its reasonable value. At the
Consumer's option, tender of property may be made at the location of the
Property or at the consumer's residence. **If the creditor does not take
Possession of the money or property within 20 calendar days after the
Consumer's tender, the consumer may keep it without further obligation**."

[Bold & Underline Added For Emphasis]

**Your violations of the above laws include but are not limited to:**

**18)   HOEPA DISCLOSURE VIOLATIONS**

In the course and conduct of offering, making, acquiring, maintaining and continuing a HOEPA mortgage loan to me, you and your predecessors in interest violated, and continue to violate, the requirements of HOEPA, TILA and Regulation Z, including but not limited to:

    A) Failing to disclose in writing the following required notice:
"You are not required to complete this agreement merely

---

Because you have received these disclosures or have signed
A loan application. If you obtain this loan, the lender will have a
Mortgage on your home. You could lose your home, and any
Money you have put into it, if you do not meet your obligations
Under the loan, in violation of Section 129(a) (1) of TILA, 15
U.S.C. § 1639(a) (1), and Section 226.32(c) (1) of Regulation Z,
12 C.F.R. § 226.32(c) (1);

B) Failing to disclose, or accurately disclose:

      1.     The annual percentage rate, in violation of Section
129(a) (2) of TILA, 15 U.S.C. § 1639(a) (2), and Section
226.32(c) (2) of Regulation Z, 12 C.F.R. § 226.32(c) (2);

      2.     The regular payment amount, in violation of Section
29(a) (2) of TILA, 15 U.S.C. § 1639(a) (2), and Section

226.32(c) (3) of Regulation Z, 12 C.F.R. § 226.32(c) (3);
And

      3. Specified variable rate information, in violation of Section
129(a) (2) of TILA, 15 U.S.C. § 1639(a) (2), and Section
226.32(c) (4) of Regulation Z, 12 C.F.R. § 226.32(c) (4).

C) Failing to furnish the disclosures described above clearly and
Conspicuously in writing at least three business days prior to
Consummation of a HOEPA mortgage loan transaction, in
Violation of Section 129(b) (1) of TILA, 15 U.S.C. § 1639(b) (1),
And Section 226.31(b) and (c) (1) of Regulation Z, 12 C.F.R.
§ 226.31(b) and (c) (1).

## 19) PROHIBITED LOAN TERMS

In the course and conduct of offering, making, acquiring, maintaining and
continuing a HOEPA mortgage loan to me, you and your predecessors in interest
violated, and continue to violate, the requirements of HOEPA, TILA, and
Regulation Z, including but not limited to, including a prohibited "prepayment
penalty" provision, in violation of Section 129(c) of TILA, 15 U.S.C. § 1639(c),
and Section 226.32(d)(6) of Regulation Z, 12 C.F.R. § 226.32(d)(6).

## 20) PROHIBITED ASSET BASED LENDING

In the course and conduct of offering, making, acquiring, maintaining
And continuing a HOEPA mortgage loan to me, you and your
Predecessors in interest violated, and continue to violate, the
Requirements of HOEPA, TILA and Regulation Z, including but not

Limited to, extending such credit to me as a consumer based on the Consumer's collateral rather than considering the consumer's current And expected income, current obligations, and employment status to Determine whether the consumer will be able to make the scheduled Payments to repay the obligation, in violation of Section 129(h) of TILA, 15 U.S.C. § 1639(h), and Section 226.32(e) (1) of Regulation Z, 12 C.F.R. § 226.32(e) (1).

## 21) TILA DISCLOSURE VIOLATIONS

In the course and conduct of offering, making, acquiring, maintaining And continuing a HOEPA mortgage loan to me, you and your Predecessors in interest violated, and continue to violate, the Requirements of HOEPA, TILA and Regulation Z, including but not Limited to:

A)      Failing to make required TILA disclosures in writing before Consummation of a consumer credit transaction, in violation of Sections 121(a) and 128(b) (1) of TILA, 15 U.S.C. §§ 1631(a) And 1638(b) (1), and Sections 226.17(a) and (b) and 226.18 of Regulation Z, 12 C.F.R. §§ 226.17(a) and (b) and 226.18;

B)      Failing to disclose, or accurately disclose, the following Information:

1.      The identity of the creditor making the disclosures, in Violation of Section 128(a) (1) of TILA, 15 U.S.C. § 1638(a) (1), and Section 226.18(a) of Regulation Z, 12 C.F.R. § 226.18(a);

2.      The amount financed, in violation of Section 128(a) (2) Of TILA, 15 U.S.C. § 1638(a) (2), and Section 226.18(b) Of Regulation Z, 12 C.F.R. § 226.18(b);

3.      The finance charge, in violation of Sections 106 and 128(a) (3) of TILA, 15 U.S.C. §§ 1605 and 1638(a) (3), And Sections 226.4 and 226.18(d) of Regulation Z, 12 C.F.R. §§ 226.4 and 226.18(d);

4.      The annual percentage rate, in violation of Sections 107 and 128(a) (4) of TILA, 15 U.S.C. §§ 1606 And 1638(a) (4), and Sections 226.18(e) and 226.22 of

Regulation Z, 12 C.F.R. §§ 226.18(e) and 226.22;

5. The payment schedule, in violation of Section 128(a)
(6)
Of TILA, 15 U.S.C. § 1638(a) (6), and Section
226.18(g)
Of Regulation Z, 12 C.F.R. § 226.18(g);
6. The total of payments, in violation of Section 128(a)
(5)
Of TILA, 15 U.S.C. § 1638(a) (5), and Section
226.18(h)
Of Regulation Z, 12 C.F.R. § 226.18(h);

7. Whether or not a penalty may be imposed if the
Obligation is prepaid in full, in violation of Section
128(a) (11) of TILA, 15 U.S.C. § 1638(a) (11), and
Section 226.18(k) (1) of Regulation Z, 12 C.F.R.
§ 226.18(k) (1);

8. Any dollar or percentage charge that may be imposed
Before maturity due to a late payment, other than a
Deferral or extension charge, in violation of Section
128(a) (10) of TILA, 15 U.S.C. § 1638(a) (10), and
Section 226.18(l) of Regulation Z, 12 C.F.R.
§ 226.18(l); and

9. The fact that the creditor has or will acquire a security
Interest in the consumer's principal dwelling, in
violation
Of Section 128(a) (9) of TILA, 15 U.S.C. § 1638(a)
(9),
And Section 226.18(m) of Regulation Z, 12 C.F.R.
§ 226.18(m).

**As you are aware, this TILA Rescission Notice automatically renders the
Loan, Note & Trust Deed void by operation of Federal law, for any and all
purposes, as of its origination, and there are no further payment
obligations of the Borrower/Trustor:**

**"When a consumer rescinds a transaction, the security
Interest giving rise to the right of rescission becomes void,**

**And the consumer shall not be liable for any amount,
Including any finance charge.**

VERIFIED COMPLAINT - 19

Jose R Ortega, Vs New century Mortgage Corp, San Diego Superior Court

**Within 20 calendar days after receipt of a notice of rescission, the creditor**
**Shall return any money or property that has been given to anyone in Connection with the transaction and shall take any action necessary to**
**Reflect the termination of the security interest**."

In accordance with the provisions of the above laws, demand is hereby made that

Within twenty days, you perform all of your obligations required and mandated by the

Above cited laws pursuant to this Rescission, which obligations include delivering to?

Me, within twenty days, the following:

1) A full and absolute reconveyance of the Trust Deed held by you (the "Trust Deed Reconveyance"); and

2) Payment in full of the amount of all costs, interests, fees, charges, interest and payments paid by me in connection with the Loan from the date of its origination through the date of this TILA Rescission Notice (the "Monetary Payment"). All of the preceding being referred to as the **"TILA Rescission Notice"**.)

5) Under TILA, HOEPA & Reg Z, the TILA Rescission Notice applied and continues to apply to the Original Lender, and all Holders as successors in interest to the Loan, Note & Trust Deed, including Defendants.

6) The TILA Rescission Notice automatically rendered the Loan, Note & Trust Deed void by operation of these Federal laws, and "the consumer shall not be liable for any amount, including any finance charge."

7) As a result of the TILA Rescission Notice, there was no Loan, Note & Trust Deed legally in existence, all having been rendered automatically void by operation of Federal law under TILA, HOEPA & Reg Z.

////

V.

# DEFENDANTS FAILED TO COMPLY WITH

## THEIR MANDATORY TILA RESCISSION OBLIGATIONS

### BY FAILING TO DELIVER

**REPAYMENT OF ALL MONEYS PAID UNDER & IN CONNECTION WITH THE LOAN & NOTE**

#### AND

### A RECONVEYANCE OF THE TRUST DEED

22)   The Holders of the Loan, Note & Trust Deed, were each and all required By Federal law under TILA and Reg Z, to deliver, <u>within twenty days of the date of the TILA Rescission Notice</u>:

A)   The Monetary Payment; and

B)   The Trust Deed Reconveyance.

All of the preceding being collectively referred to herein as **"Holder's Rescission Obligations"**, as follows:

> "When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, **and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission**. Within 20 days after receipt of a notice of rescission, the creditor **shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.** If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this Section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it." [Section 1635 of TILA (15 U.S.C. § 1635)]

[Bold & Underline Added For Emphasis]

23) The twenty day statutory period for compliance with the Holder's Rescission Obligations expired without delivery of the Monetary Payment and the Trust Deed Reconveyance.

24)     Defendants failed to comply with and continue to fail to comply with the mandatory and non-negotiable Holder's Rescission Obligations under TILA, HOEPA & Reg Z pursuant to such TILA Rescission (the **"Defendants' TILA Rescission Failures"**), in that:

A)     Defendants did not deliver the Monetary Payment within twenty days after the TILA Rescission Notice; and

B)     Defendants did not "take any action necessary to reflect the termination of the security interest" (i.e. Defendants did not deliver a notarized Trust Deed Reconveyance) within twenty days after the TILA Rescission Notice.

## VI.

## DEFENDANTS HAVE THREATENED TO COMMENCE AND/OR HAVE COMMENCED

## A WRONGFUL NONJUDICIAL FORECLOSURE OF

## THE LEGALLY NON-EXISTENT LOAN, NOTE & TRUST DEED

## IN VIOLATION OF

## TILA, HOEPA & REG Z AND THE STATE NON-JUDICIAL FORECLOSURE STATUTES

25) **The TILA Rescission Notice automatically rendered the Loan, Note & Trust Deed void, ab initio, by operation of Federal law under TILA, HOEPA & Reg Z.**

26) **As a result, there was and is no Loan, Note & Trust Deed legally in existence Upon which a foreclosure can or could be commenced and concluded under the State Non-judicial Foreclosure Statutes.**

27) Rather than complying with the Holder's Rescission Obligations under TILA, HOEPA & Reg Z as a result of the TILA Rescission Notice, instead, Defendants, in violation of TILA, HOEPA & Reg Z, have threatened to commence and have commenced a purported Foreclosure of the Loan, Note & Trust Deed on the Home, and have threatened to conclude the Foreclosure through a Foreclosure Sale where a Trustee's Deed would be issued.

28) Such Foreclosure is also in violation of the State Non-judicial Foreclosure Statutes which require that there be a legally existing Loan, Note & Trust Deed upon which to commence Foreclosure, and in the instant case, there was and is no Loan, Note & Trust Deed legally in existence due to the TILA Rescission Notice.

29) As a result, Defendants have no legal standing or right to commence, maintain and/or complete a Foreclosure and Foreclosure Sale of the Home under the State Non-judicial Foreclosure Statutes, and **any such purported Foreclosure, Foreclosure Sale and Trustee's Deed, will be and are illegal and prohibited by the**

mandatory provisions of TILA, HOEPA & Reg Z, and the State Non-judicial

Foreclosure Statutes, and will be null and void as a matter of law, ab initio.

## VII.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## DECLARATORY RELIEF

## Against All Defendants

30) Plaintiff incorporates paragraphs 1 through 29 as if fully set forth herein.

31) Plaintiff contends that:

      a) The TILA Rescission Notice automatically rendered the Loan, Note & Trust Deed void ab initio by operation of Federal Law under TILA, HOEPA & Reg Z, and as a result:

32) There is no Loan, Note & Trust Deed legally in existence; and

34)  There are no further payment obligations under the Loan, Note & Trust Deed.

35) As a result of the preceding:

      a) Defendants have no legal standing or right to commence or maintain a Foreclosure of the Loan, Note & Trust Deed and Home; and

36) Any Foreclosure commenced, maintained or concluded by Defendants is barred

And prohibited by operation of Federal law under TILA, HOEPA & Reg Z, and by

Operation of the State Non-judicial Foreclosure Statutes, and would therefore be illegal

And void by operation of these laws; and

37)  Defendants have no equitable or legal right to report or cause to be place into any

Credit report with any credit reporting bureau, any negative information concerning the

Loan, Note & Trust Deed.

---

38) Plaintiff is informed and believes that Defendants contend the opposite of Plaintiff.

39) Therefore, an actual controversy exists between the parties concerning their

Respective rights and duties. A judicial declaration is appropriate under the

Circumstances to determine which party's contentions are correct.

40) Plaintiff demands judgment for a Declaration of the Court that:

a) The TILA Rescission Notice was timely served within three (3) years of The date of origination of the Loan, Note & Trust Deed.

b) The TILA Rescission Notice automatically rendered the Loan, Note & Trust Deed void ab initio by operation of Federal law under TILA and Reg Z.

c) As a result of the TILA Rescission Notice, there was no Loan, Note & Trust Deed legally in existence which could be foreclosed upon and there could be no legal or valid foreclosure conducted under the State Non-judicial Foreclosure Statutes.

d) As a result of the preceding, the Foreclosure was and is wrongful and was barred by and conducted in violation of Federal law under TILA, HOEPA & Reg Z, and in violation of the State Non-judicial Foreclosure Statutes and is therefore void, halted, cancelled and set aside.

e) As a result of the preceding, any purported Foreclosure Sale conducted or to be conducted in connection with, or to be conducted in connection with, the wrongful and illegal Foreclosure, is equally void by operation of law and is cancelled, reversed and set aside.

f) As a result of the preceding, any Trustee's Deed which may be issued pursuant to such illegal and void Foreclosure and Foreclosure Sale is equally void by operation of law and is reversed, set aside and canceled.

g) As a result of the preceding, the Trust Deed of record was previously voided by the TILA Rescission Notice and is therefore canceled and stricken from the records of the County Recorder of San Diego County.

h) As a result of the preceding, Defendants and their predecessors in interest and their successors in interest, may not and cannot acquire or perfect legal title to the Home and therefore have no legal standing to file, maintain, continue or obtain judgment in any unlawful detainer case for

possession of the Home, and any unlawful detainer case which may be brought by, for or on behalf of Defendants and their predecessors in interest and their successors in interest, is null and void by operation of law; any and all orders and judgments which may be issued therein are null and void by operation of law and are recalled, set aside and vacated; and any judgment and writ of possession obtained therein are null and void and are recalled, set aside and vacated; and any such unlawful detainer case is set aside, vacated and dismissed with prejudice, all ab initio.

## SECOND CAUSE OF ACTION

### WRONGFUL FORECLOSURE

#### Against All Defendants

41) Plaintiff incorporates paragraphs 1 through 40 as if fully set forth herein.

42) Defendants knew or should have known that pursuant to the mandatory provisions of TILA, HOEPA & Reg Z, the Loan, Note & Trust Deed were rendered null and void ab initio, for all purposes, by operation of Federal law pursuant to the TILA Rescission Notice, and that there was no Loan, Note & Trust Deed legally in existence upon which to commence and conclude a Foreclosure, and that Defendants were therefore legally barred and prohibited from conducting a non-judicial Foreclosure of the Loan, Note & Trust Deed, by operation of Federal law pursuant to TILA, HOEPA & Reg Z, and by operation of the State Non-judicial Foreclosure Statutes.

43) Defendants nonetheless threatened to commence and/or have commenced, maintained, and have threatened to conclude and/or have concluded the Foreclosure and Foreclosure Sale, in violation of Federal law and the State Non-judicial Foreclosure Statutes.

VERIFIED COMPLAINT - 26

Jose R Ortega, Vs New century Mortgage Corp, San Diego Superior Court

44) As a direct and proximate result of the above-described actions and conduct Constituting WRONGFUL FORECLOSURE, Plaintiff is entitled to judgment against Defendants for Wrongful Foreclosure, and for judgment reversing, canceling, voiding, setting aside and vacating any Foreclosure, Foreclosure Sale and Foreclosure Trustee's Deed.

### THIRD CAUSE OF ACTION

### REVERSAL & CANCELLATION OF

### ILLEGAL FORECLOSURE BARRED BY OPERATION OF FEDERAL & STATE LAW

### Against All Defendants

45)     Plaintiff incorporates paragraphs 1 through 44 as if fully set forth herein.

46)     Plaintiff timely and fully complied with all of the provisions of TILA, HOEPA & Reg Z for Rescission of the Loan, Note & Trust Deed through the TILA Rescission Notice.

47)     Defendants failed to comply with the mandatory requirements of TILA, HOEPA & Reg Z in response to the TILA Rescission Notice.

48) The Loan, Note & Trust Deed were rendered void by operation of Federal law Pursuant to the TILA Rescission Notice under TILA, HOEPA & Reg Z, and there was no Trust Deed legally in existence upon which Defendants could legally foreclose.

49) As a result, the preceding, the purported Foreclosure, NOD, NOS, Foreclosure Sale and Trustee's Deed were at all times null and void by operation of Federal law pursuant to TILA, HOEPA & Reg Z, and were and are of no legal force or effect whatsoever.

50) As a direct and proximate result of the preceding, Plaintiff is entitled to judgment

Against Defendants, reversing, canceling, voiding, setting aside and vacating the

purported

Foreclosure, NOD, NOS, Foreclosure Sale and Trustee's Deed.

////

### FOURTH CAUSE OF ACTION

### CANCELLATION OF INSTRUMENTS

### Against All Defendants

51) Plaintiff incorporates paragraphs 1 through 50 as if fully set forth herein.

52) Plaintiff timely and fully complied with all of the provisions of TILA, HOEPA & Reg Z

For Rescission of the Loan, Note & Trust Deed pursuant to the TILA Rescission Notice.

53) Defendants failed to comply with the mandatory requirements of TILA, HOEPA &

Reg Z in response to the TILA Rescission Notice.

54) The Loan, Note & Trust Deed were AUTOMATICALLY RENDERED VOID by

Operation of Federal law pursuant to the TILA Rescission Notice under TILA, HOEPA &

Reg Z.

55) As a result of the preceding, and there was no Loan, Note & Trust Deed legally in

existence upon which Defendants could legally foreclose and any such Foreclosure,

including any NOD, NOS, Foreclosure Sale and Trustee's Deed were barred and

prohibited by operation of Federal law under TILA, HOEPA & Reg Z, and were barred

and prohibited by operation of the State Non-judicial Foreclosure Statutes, and are

therefore void as a matter of law and Plaintiff is entitled to have such NOD, NOS,

Foreclosure, Foreclosure Sale & Trustee's Deed cancelled from the records of the

County Recorder for San Diego County

56) Further, Defendants failed to deliver the Trust Deed Reconveyance as mandated

And required by TILA, HOEPA & Reg Z following the TILA Rescission Notice, and the

Trust Deed improperly and illegally remains of record in the records of the County

Recorder for San Diego County.

57) Pursuant to the TILA Rescission Notice served in compliance with TILA, HOEPA &

Reg Z, Plaintiff is entitled to have the Trust Deed removed from the records of the

County Recorder for San Diego County.

58)  As a direct and proximate result of the preceding, Plaintiff is entitled to judgment:

      a)     Reversing, vacating and canceling any NOD, NOS, Foreclosure,

Foreclosure Sale and Trustee's Deed recorded in the records of the County Recorder

for San Diego County in connection with the Loan, Note & Trust Deed.

      b) Cancelling the recorded Trust Deed of record the records of the County

Recorder for San Diego County which was previously rendered void by operation of

Federal law pursuant to TILA, HOEPA & Reg Z.


### FIFTH CAUSE OF ACTION

**TEMPORARY RESTRAINING ORDER**

**PRELIMINARY & PERMANENT INJUNCTION**

---

**Against All Defendants**

59) Plaintiff incorporates paragraphs 1 through 58 as if fully set forth herein.

60) As a result of the preceding, Plaintiff is entitled to judgment for issuance of a Temporary Restraining Order, a Preliminary Injunction, and a Permanent Injunction:

    a) Restraining and enjoining Defendants, any predecessor in interest to

    b) Defendants and any successor in interest to Defendants, and any person acting for their benefit or at their direction or instruction:

61. from asserting or continuing to assert any interest in and to the Home or the Loan, Note & Trust Deed; and

62. From continuing, maintaining or concluding any Foreclosure, including but not limited to, holding and concluding any Foreclosure Sale and issuing any Trustee's Deed pursuant to any Foreclosure Sale; and

63. From attempting to file, maintain, or continue, and from filing, maintaining, or Continuing and unlawful detainer action for possession of the Home, and from attempting to obtain and/or obtaining any orders and/or judgment, in any unlawful detainer action for possession of the Home; and

64) Restraining and enjoining Defendants, any predecessor in interest to Defendants and any successor in interest to Defendants, and any person acting for their benefit or at their direction or instruction, including but not limited to, any law enforcement agency or sheriff's department, from enforcement of any orders or judgment obtained in any such unlawful detainer action; and

65) Restraining and enjoining Defendants, any predecessor in interest to Defendants

and any successor in interest to Defendants, and any person acting for their benefit or at their direction or instruction, from reporting, maintaining, or continuing any adverse or negative report or information with respect to the Loan, Note & Trust Deed to any credit reporting organization, including but not limited to, Experian, Equifax, and Trans Union; and

66) Restraining and enjoining Defendants, any predecessor in interest to Defendants And any successor in interest to Defendants, and any person acting for their benefit or at their direction or instruction, including but not limited to, Experian, Equifax, and Trans Union, from continuing, maintaining or reporting any adverse or negative report or information with respect to the Loan, Note & Trust Deed.

/ / / /

**WHEREFORE, PLAINTIFF PRAYS:**

1)    <u>ON THE FIRST CAUSE OF ACTION</u>: DECLARATORY RELIEF

Against All Defendants:

A Declaration from the Court that:

A)    The TILA Rescission Notice was timely served within three (3) years of the date of origination of the Loan, Note & Trust Deed.

B)    The TILA Rescission Notice automatically rendered the Loan, Note & Trust Deed void ab initio by operation of Federal law under TILA and Reg Z.

C)    As a result of the TILA Rescission Notice, there was no Loan, Note & Trust Deed legally in existence which could be foreclosed upon and there could be no legal or valid foreclosure conducted under the State Non-judicial Foreclosure Statutes.

D)     As a result of the preceding, the Foreclosure was and is wrongful and was barred by and conducted in violation of Federal law under TILA, HOEPA & Reg Z, and in violation of the State Non-judicial Foreclosure Statutes and is therefore void, halted, Cancelled and set aside.

E)     As a result of the preceding, any purported Foreclosure Sale conducted or to be conducted in connection with, or to be conducted in connection with, the wrongful And illegal Foreclosure, is equally void by operation of law and is cancelled, reversed And set aside.

F)     As a result of the preceding, any Trustee's Deed which may be issued pursuant to such illegal and void Foreclosure and Foreclosure Sale is equally void by operation of law and is reversed, set aside and canceled.

G)     As a result of the preceding, the Trust Deed of record was previously voided by the TILA Rescission Notice and is therefore canceled and stricken from the records of the County Recorder of San Diego County.

H)     As a result of the preceding, Defendants and their predecessors in interest and their successors in interest, may not and cannot acquire or perfect legal title to the Home and therefore have no legal standing to file, maintain, continue or obtain judgment in any unlawful detainer case for possession of the Home, and any unlawful detainer case which may be brought by, for or on behalf of Defendants and their Predecessors in interest and their successors in interest, is null and void by operation of law; any and all orders and judgments which may be issued therein are null and void by operation of law and are recalled, set aside and vacated; and any judgment and writ of possession obtained therein are null and void and are recalled, set aside and

VERIFIED COMPLAINT - 32

Jose R Ortega, Vs New century Mortgage Corp, San Diego Superior Court

vacated; and any such unlawful detainer case is set aside, vacated and dismissed with prejudice, all ab initio.

2)   **ON THE SECOND CAUSE OF ACTION: WRONGFUL FORECLOSURE**

**Against All Defendants**

Judgment that:

A)   Any Foreclosure in connection with the Loan, Note & Trust Deed was barred and prohibited by operation of Federal law under TILA, HOEPA & Reg Z, and the State Non-judicial Foreclosure Statutes and was and is therefore void as a matter of law; and

B)   Any Foreclosure, Notice of Default, Notice Of Trustee's Sale, Foreclosure Sale & Trustee's Deed in connection with the Loan, Note & Trust Deed constituted Wrongful Foreclosure; and

C)   The Notice of Default, Foreclosure, Notice of Trustee's Sale, Foreclosure Sale, and Trustee's Deed in connection with the Loan, Note & Trust Deed were and are void as a matter of law and are set aside, vacated, cancelled and declared null and void.

3)   **ON THE THIRD CAUSE OF ACTION: REVERSAL & CANCELLATION OF**

**ILLEGAL**

FORECLOSURE SALE BARRED BY OPERATION OF FEDERAL LAW &
STATE LAW

**Against All Defendants**

Judgment reversing, canceling, voiding and setting aside any Notice of Default,
Foreclosure, Notice of Trustee's Sale, Foreclosure Sale, and Trustee's Deed in
connection with the Loan, Note & Trust Deed.

4) <u>ON THE FOURTH CAUSE OF ACTION</u>: CANCELLATION OF INSTRUMENTS

**Against All Defendants**

Judgment:

A)      Vacating and canceling any NOD, NOS, Foreclosure, Foreclosure Sale
and Trustee's Deed recorded in the records of the County Recorder for San
Diego County in connection with the Loan, Note & Trust Deed; and

B)      Cancelling the recorded Trust Deed of record the records of the County
Recorder for San Diego County which was previously rendered void by operation
of Federal law pursuant to TILA, HOEPA & Reg Z.

5) <u>ON THE FIFTH CAUSE OF ACTION</u>: TEMPORARY RESTRAINING ORDER;
PRELIMINARY & PERMANENT INJUNCTION.

**Against All Defendants:**

Issuance of a Temporary Restraining Order, a Preliminary Injunction, and a
Permanent
Injunction:

---

VERIFIED COMPLAINT - 34

Jose R Ortega, Vs New century Mortgage Corp, San Diego Superior Court

A)   Restraining and enjoining Defendants, any predecessor in interest to

Defendants and any successor in interest to Defendants, and any person

acting for their benefit or at their direction or instruction:

1.   from asserting or continuing to assert any interest in and to the Home or

the Loan,

Note & Trust Deed; and

2.   From continuing, maintaining or concluding any Foreclosure, including but

not limited to, holding and concluding any Foreclosure Sale and issuing any

Trustee's Deed pursuant to any Foreclosure Sale; and

3.   from attempting to file, maintain, or continue, and from filing, maintaining,

or continuing and unlawful detainer action for possession of the Home, and from

Attempting to obtain and/or obtaining any orders and/or judgment, in any

unlawful

Detainer action for possession of the Home; and

B)   Restraining and enjoining Defendants, any predecessor in interest to

Defendants and any successor in interest to Defendants, and any person acting

for their benefit or at their direction or instruction, including but not limited to, any

law enforcement agency or sheriff's department, from enforcement of any orders

or judgment obtained in any such unlawful detainer action; and

VERIFIED COMPLAINT - 35

Jose R Ortega, Vs New century Mortgage Corp, San Diego Superior Court

C)     Restraining and enjoining Defendants, any predecessor in interest to Defendants and any successor in interest to Defendants, and any person acting for their benefit or at their direction or instruction, from reporting, maintaining, or continuing any adverse or negative report or information with respect to the Loan, Note & Trust Deed to any credit reporting organization, including but not limited to, Experian, Equifax, and Trans Union; and

D)     Restraining and enjoining Defendants, any predecessor in interest to Defendants and any successor in interest to Defendants, and any person acting For their benefit or at their direction or instruction, including but not limited to, Experian, Equifax, and Trans Union, from continuing, maintaining or reporting any adverse or negative report or information with respect to the Loan, Note & Trust Deed.

6)   **ON ALL CAUSES OF ACTION HEREINABOVE:**

   A)   For cost of suit and all legal expenses and costs incurred herein, including but not limited to, attorney's fees; and

   B)   For interest according to law; and

   C)   For such other and further relief as the Court may deem just and proper.

DATE: August 30, 2009                                    respectfully submitted,


                                             Jose R Ortega
                                             Plaintiff in Pro Per


---

EXHIBIT A1-A16

CERTIFICATION  OF SERVICE

NOTICE AND DEMAND FOR TRUSTEE TERMINATION AND SUCCESSOR

TRUSTEE APPOINTMENT

NOTICE AND DEMAND FOR BENEFICIARY TERMINATION AND SUCCESSOR

BENEFICIARY APPOINTMENT

ACKNOWLEDGEMENT

NOTICE OF RESCISSION OF SIGNATURES

NOTICE OF COPYRIGHT NOTICE TO CEASE AND DESIST

NOTICE OF INTENT TO PRESERVE INTEREST

INTERROGATORY

NOTICE-FILING OF CRIMINAL CHARGE

AFFIDAVIT AND CERTIFICATION OF SERVICE

AFFIDAVIT OF DENIAL OF CORPORATE STATUS

HOLD HARMLESS AND INDEMNITY AGREEMENT-074704447-HHIA

NOTICE OF PROPRIETARY RIGHT

ADMINISTRATIVE NOTICE AND DEMAND

CM-01

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, ___ ar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jose R Ortega<br>1042 Red Granite RD<br>Chula Vista, CA 91913<br>TELEPHONE NO.: (619) 947-6618    FAX NO.:<br>ATTORNEY FOR *(Name)*: | CIVIL<br><br>09 FEB 23 P 3:17 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

CASE NAME:

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER.<br>37-2009-00098974-CU-WE-CTL |
|---|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☒ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer** — PRO
☒ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. ☒ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. ☐ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action *(specify)*: 4
5. This case ☐ is ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:

Jose R Ortega                                                    ▶ Jose R Ortega
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 3.220, 3.400–3.403;<br>Standards of Judicial Administration, § 19<br>*www.courtinfo.ca.gov* |
|---|---|---|

EXHIBIT 2

**JNTADMN**

## U.S. Bankruptcy Court
## District of Delaware (Delaware)
## Bankruptcy Petition #: 07-10419-KJC

*Date filed:*   04/02/2007

*Assigned to:* Kevin J. Carey
Chapter 11
Voluntary
Asset

| | |
|---|---|
| ***Debtor***<br>**New Century Mortgage Corporation**<br>18400 Von Karman Ave.<br>Irvine, CA 92612<br>Tax ID / EIN: 93-1195257<br>*fka*<br>**JBE Mortgage Corporation**<br>*dba*<br>**New Century Corporation**<br>*dba*<br>**NCMN Mortgage Corporation**<br>*dba*<br>**New Century Mortgage Ventures, LLC**<br>Tax ID / EIN: 71-0973199 | represented by **Mark D. Collins**<br>Richards Layton & Finger<br>One Rodney Square<br>PO Box 551<br>Wilmington, DE 19899<br>302 651-7531<br>Fax : 302-651-7701<br>Email: collins@RLF.com |

*U.S. Trustee*
**United States Trustee**
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035
302-573-6491

| Filing Date | # | Docket Text |
|---|---|---|
| 04/02/2007 | 1 | Chapter 11 Voluntary Petition . Fee Amount $1039. Filed by New Century Mortgage Corporation. (Collins, Mark) (Entered: 04/02/2007) |
| 04/02/2007 | 2 | Motion for Joint Administration *Motion of Debtors and Debtors in Possession for an Order Directing Joint Administration of Related Chapter 11 Cases* Filed By New Century Mortgage Corporation (Collins, Mark) (Entered: 04/02/2007) |
| | | Receipt of filing fee for Voluntary Petition (Chapter 11)(07- |

| 04/02/2007 | 3 | 10419) [misc,volp11a] (1039.00). Receipt Number 2887390, amount $1039.00. (U.S. Treasury) (Entered: 04/02/2007) |
|---|---|---|
| 04/02/2007 | | Judge Kevin J. Carey added to case (GVW, ) (Entered: 04/02/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/29/2009 18:32:45 | | | |
| **PACER Login:** | wf0265 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 07-10419-KJC Fil or Ent: filed From: 4/2/2007 To: 4/2/2007 Doc From: 0 Doc To: 99999999 Term: included Format: html |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

EXHIBIT 3



Superior Court of California, County of San Diego

Case Search Home    Previous Page    New Case Number Search    New Party Name Search    Printer-Friendly Version (All Entries)    Help

## Register of Actions

THE INFORMATION IN THIS REGISTER OF ACTIONS IS PROVIDED AS IS, WITHOUT WARRANTY BY THE SAN DIEGO SUPERIOR COURT AS TO CONTENT OR ACCURACY OF THE INFORMATION.

THE ENTRY DATE ON THE REGISTER OF ACTIONS MAY NOT ALWAYS REFLECT THE ACTUAL FILING DATE OF A DOCUMENT AND NOT ALL DOCUMENTS FILED WITH THE COURT ARE LISTED ON THE REGISTER OF ACTIONS. IT IS RECOMMENDED THAT USERS REFER TO THE CASE FILE FOR CONFIRMATION.

| | | | |
|---|---|---|---|
| Case Number: | **37-2009-00098974-CU-WE-CTL** | Date Filed: | **09/23/2009** |
| Case Title: | **Jose R Ortega vs. New Century Mortgage Corp** | Case Status: | **Pending** |
| Case Category: | **Civil - Unlimited** | Location: | **Central** |
| Case Type: | **Wrongful Eviction** | Judicial Officer: | **John S. Meyer** |
| Case Age: | **36 days** | Department: | |
| Next Event Type: | | Next Event Date: | |

Display: **All Entries**   Filing Information Only   Scheduling Information Only

| Entry Date | Short/Long Entry | Filed By |
|---|---|---|
| 10/14/2009 | Declaration - Other (OF nONMONETARY sTATUS) filed by Quality Loan Service Corp. | Quality Loan Service Corp (Defendant) |
| 09/23/2009 | Case assigned to Judicial Officer Meyer, John. | |
| 09/23/2009 | Request to Waive Court Fees filed by Ortega, Jose R. | Ortega, Jose R (Plaintiff) |
| 09/23/2009 | Civil Case Cover Sheet filed by Ortega, Jose R. | Ortega, Jose R (Plaintiff) |
| 09/23/2009 | Original Summons filed by Ortega, Jose R. | Ortega, Jose R (Plaintiff) |
| 09/23/2009 | Complaint filed by Ortega, Jose R. | Ortega, Jose R (Plaintiff) |

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jose R. Ortega | NEW CENTURY MORTGAGE CORP., et al. |

NOV 5  PM 3: 57

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY_____

**'09 CV 2487 BEN   BLM**

(c) Attorney's (Firm Name, Address, and Telephone Number)

Jose R. Ortega, 1042 Red Granite Road, Chula Vista, CA 91813 (619) 947-6618

Attorneys (If Known)

Wright, Finlay & Zak LLP, 4665 MacArthur Court, Suite 280 Newport Beach, CA 92660 (949) 477-5050

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1601-1666j, 15 U.S.C. § 1639, 12 C.F.R. 226.31 and 12 C.F.R. 226.32

Brief description of cause:
Truth in Lending Act, Home Ownership and Equity Protection Act, Federal Reserve, Regulation Z

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  Unknown

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  11/05/2009

SIGNATURE OF ATTORNEY OF RECORD  _____

**FOR OFFICE USE ONLY**

RECEIPT # **6991**   AMOUNT **350.00**   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

MS 11/5/09

CVL

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS006991
Cashier ID: msweaney
Transaction Date: 11/05/2009
Payer Name: SAN DIEGO LEGAL SUPPORT SVCS
--------------------------------
CIVIL FILING FEE
 For: ORTEGA V NEW CENTURY CORP
 Case/Party: D-CAS-3-09-CV-002487-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 83831
 Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```